United States District Court
Southern District of Texas
**ENTERED**
August 11, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ESTEBAN MARTINEZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 1:25-CV-197 |
| | § | |
| CITY OF BROWNSVILLE, TEXAS, *et al.*, | § | |
| | § | |
| Defendants. | § | |

# ORDER

Plaintiff Esteban Martinez filed a civil rights lawsuit against Police Officers Ricardo Zepeda, Regino Garza, Cesar Castaneda, and the City of Brownsville for actions related to his 2023 arrest for criminal trespass. (First Am. Compl., Doc. 24) Martinez alleges that Zepeda, Garza, and Castaneda subjected him to an unlawful arrest, excessive force, and the denial of access to exculpatory evidence. He also seeks relief against the City of Brownsville for the policies and customs that he claims led to these alleged constitutional violations.

Defendants seek dismissal of all claims, with Zepeda, Garza, and Castaneda invoking qualified immunity. (Motion, Doc. 25) A United States Magistrate Judge recommends that the Court grant the Motion and dismiss the case with prejudice.[1] (R&R, Doc. 31) Martinez timely objected to the Report and Recommendation. (Objs., Doc. 33)

The Court affords de novo review to the portions of the Report and Recommendation to which Martinez objected. FED. R. CIV. P. 72(b)(3). In his objections, Martinez urges many of the same arguments that he made in his Response (Doc. 28) to the Motion to Dismiss. The Report and Recommendation ably and correctly resolves those arguments.

[1] Martinez also sued John/Jane Does 1–10. The Report and Recommendation recommends that the claims against those defendants be dismissed for the same reasons as the named defendants.

The Court specifically addresses one of Martinez's objections. With respect to his false arrest claim, Martinez argues that the Magistrate Judge "improperly drew factual inferences[.]" (Objs., Doc. 33, 5) The Court disagrees. As the Report and Recommendation correctly explains, "[t]o prevail in a § 1983 claim for false arrest, a plaintiff must show that the officers could not have reasonably believed that they had probable cause to arrest the plaintiff for any crime." *Green v. Thomas*, 129 F.4th 877, 886 (5th Cir. 2025). When an officer invokes qualified immunity as a defense to a false arrest claim, the plaintiff "must allege facts permitting an inference that [the officer] lacked arguable (that is, reasonable but mistaken) probable cause" to effectuate the arrest. *Club Retro, L.L.C. v. Hilton*, 568 F.3d 181, 207 (5th Cir. 2009); *see also Bey v. Prator*, 53 F.4th 854, 858 (5th Cir. 2022) (affirming qualified immunity for officers who arrested the plaintiff for trespass because the officers could have reasonably believed that probable cause was present). The court applies an objective standard, meaning "that probable cause existed if the officer was aware of facts justifying a reasonable belief that an offense was being committed, whether or not the officer charged the arrestee with that specific offense." *Club Retro, L.L.C.*, 568 F.3d at 204. As this principle directs, the court considers "the facts available to the officer at the time of the arrest[.]" *Evett v. DETNTFF*, 330 F.3d 681, 688 (5th Cir. 2003) (cleaned up).

In Texas, a person commits criminal trespass if he "enters or remains on or in property of another . . . without effective consent[,]" and the person "received notice to depart but failed to do so[.]" TEX. PENAL CODE § 30.005(a)(1). Notice includes "oral or written communication by the owner or someone with apparent authority to act for the owner[.]" TEX. PENAL CODE § 30.005(b)(2)(A). The "property of another" can at times include locations such as a parking lot, as "'[a]nother' may have a greater right to possession of even public property." *Allen v. State*, No. 12-01-00079-CR, 2003 WL 1090366, at *3 (Tex. App.—Tyler Mar. 12, 2003, no pet.) (citing *DeNoie v. Board of Regents of the University of Texas Sys.*, 609 S.W.2d 601, 603 (Tex. App.–Austin 1980, no writ)). A property owner can also delegate the right to exclude to others, such as

to a security guard. *See Ladouceur v. State*, No. 05-12-00366-CR, 2013 WL3239431, at *2 (Tex. App.—Dallas June 25, 2013, no pet.) ("It is well settled that an owner or property manager may delegate to security guards or other agents the authority to keep people off the property.").

Here, Martinez alleges that a security guard told the defendant police officers that Martinez "was trying to step on the property *(the walkway area in front of the building)* after he was told several times he was not allowed." (First Am. Compl., Doc. 24, ¶ 11) Based on Texas law, a reasonable police officer could believe that the security guards had the apparent authority to exclude Martinez from the property and that Martinez refused to leave. Martinez alleges that the security guard "referred only to the common walkway, not nightclub property, and not the interior of the building." (First Am. Compl., Doc. 24, ¶ 12) But these allegations constitute speculation regarding the meaning of the security guard's comments. Martinez does not allege that the security guard told the police officers that Martinez was always on public property over which the nightclub had no rights. And Martinez also does not allege that the police officers knew that Martinez had always remained on public property over which the nightclub had no rights. Considering the well-pled allegations concerning the information available to the officers, the Court agrees with the Report and Recommendation's conclusion that Martinez fails to allege facts demonstrating that no reasonable officer could believe that probable cause existed for the arrest. As a result, Martinez's false arrest claim does not overcome the officers' qualified immunity defense.

As a result, Plaintiff Esteban Martinez's objections to the Report and Recommendation are **OVERRULED** and the Court **ADOPTS** the Report and Recommendation (Doc. 31). It is:

**ORDERED** that Defendants Ricardo Zepeda, Regino Garza, Cesar Castaneda, and the City of Brownsville's Motion to Dismiss as to Plaintiff's First Amended Complaint (Doc. 25) is **GRANTED**; and

**ORDERED** that Plaintiff Esteban Martinez's causes of action are **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief can be granted.

This is a final and appealable order.

Each party shall bear its own fees and costs.

The Clerk of Court is directed to close this case.

Signed on August 11, 2026.

Fernando Rodriguez, Jr.
Fernando Rodriguez, Jr.
United States District Judge